UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO E.D.M., INC., et al., | No. 2:13-cv-0288 MCE KJN |
| Plaintiffs, | |
| v. | ORDER |
| HYNES AVIATION INDUSTRIES, INC., et al., | |
| Defendants. | |

Presently before the court is defendants Hynes Aviation Industries, Inc.'s and Dr. Michael K. Hynes's (collectively "defendants") motion for a protective order directing plaintiffs Sacramento E.D.M., Inc. and Dan Folk (collectively "plaintiffs") to take the depositions of defendants in Missouri, either in person or by means of telephone or video conference. (ECF No. 63.) The parties filed a joint statement regarding this discovery dispute, which sets forth the parties' respective positions on the issue presented by defendants' motion and states that the parties engaged in efforts to confer with one another regarding this matter prior to the filing of defendants' motion. (ECF No. 70.)

The court heard this matter on its September 4, 2014 law and motion calendar. Attorney Sean Gavin appeared on behalf of plaintiffs. Attorney Thomas Barth appeared on behalf of defendants. The court has fully considered the parties' briefs, the parties' oral arguments, and appropriate portions of the record. For the reasons that follow, the court grants defendants' motion for a protective order.

////

1     "Generally, the noticing party has discretion as to the place where a party deposition will be taken,
2 subject to the court's power to grant a protective order." Douglas v. Shasta Cnty., 2010 WL 760643, at *2
3 (E.D. Cal. Mar. 4, 2010) (citing Philadelphia Indemnity Ins. v. Federal Ins. Co., 215 F.R.D. 492, 495 (E.D.
4 Pa. 2003)). If the parties cannot resolve a dispute as to the location where the deposition will take place, a
5 protective order may be obtained. See Willis v. Mullins, 2006 WL 302343, at *5 (E.D. Cal. Feb. 8, 2006)
6 (citing Fed. R. Civ. P. 26(c)).

7     Pursuant to Federal Rule of Civil Procedure 26(c)(1)(B) "[t]he court may, for good cause, issue an
8 order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or
9 expense, including . . . specifying terms, including time and place, for the disclosure or discovery."
10 "Subsection (c) [of Rule 26] underscores the extensive control that district courts have over the discovery
11 process," thus "a court may be as inventive as the necessities of a particular case require in order to
12 achieve the benign purposes of the rule." United States v. Columbia Broad. Sys., Inc., 666 F.2d 364, 369
13 (9th Cir. 1982). "The Court is permitted to exercise a broad discretion in determining the appropriate
14 place for examination and may attach conditions such as payment of expenses." Willis, 2006 WL 302343,
15 at *5 (quoting Turner v. Prudential Ins. Co. of Am., 119 F.R.D. 381, 383 (M.D. N.C. 1988)); Hyde &
16 Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir. 1994) ("A district court has wide discretion to establish the
17 time and place of depositions."). Furthermore, pursuant to Federal Rule of Civil Procedure 30(b)(4), a
18 court may on motion order "that a deposition be taken by telephone or other remote means."

19     Generally, if the parties cannot agree upon the place where a defendant's deposition will take
20 place, "[c]ourts presume that [it] will proceed at his place of residence, business or employment." Willis,
21 2006 WL 302343, at *5; see also Grey v. Cont'l Mktg. Associates, Inc., 315 F. Supp. 826, 832 (N.D. Ga.
22 1970) ("Although the federal rules do not prevent plaintiff's designating any place he chooses for the
23 taking of a defendant's deposition, the cases indicate that it is presumed that a defendant will be examined
24 at his residence or at his place of business or employment; if another place is named and defendant files a
25 timely objection the objection should be sustained absent some unusual circumstance to justify putting the
26 defendant to such inconvenience."). "Furthermore, the deposition of a corporate officer or employee
27 should usually take place at the corporation's principal place of business or, as other courts have held, at
28 his place of business or employment." Philadelphia Indem. Ins. Co., 215 F.R.D. at 495. While courts will

generally make these presumptions, "a number of factors serve to dissipate the presumption and may persuade the Court to require the deposition to be conducted in the forum district or some other place." Willis, 2006 WL 302343, at *5 (citing Turner, 119 F.R.D. at 383).  Several courts have developed factors that the court may consider when addressing where a party's deposition is to take place, including:

> 1. The parties' convenience and relative hardships to attend the designated location;
> 2. Cost of transportation and lost work to defendant;
> 3. Expense and inconvenience to move voluminous documents;
> 4. Whether the parties' counsel are located in the forum district;
> 5. Whether the defendant is a large corporation whose employees often travel;
> 6. Whether significant discovery disputes may arise and judicial economy favors resolution by the forum court or other similar concerns; and
> 7. Whether the parties' claims and parties' relationship are such that appropriate adjustment of the equities favors a deposition site in the forum district.

Willis, 2006 WL 302343, at *5; see also Turner, 119 F.R.D. at 383 (citing several cases); Wisconsin Real Estate Inv. Trust v. Weinstein, 530 F. Supp. 1249, 1254 (E.D. Wis.1982).  "Ultimately, the Court must consider each case on its own facts and the equities of the particular situation." Willis, 2006 WL 302343, at *5.

In this case, defendants have shown that the depositions should take place in Missouri.  Dr. Hynes resides in Missouri and Hynes Aviation Industries' principal place of business is located in Missouri. During the hearing, the parties stated that Dr. Hynes would also be deposed as Hynes Aviation Industries' person most knowledgeable.  Accordingly, the general presumption is that defendants' depositions should be taken in Missouri.

Other considerations also favor the depositions being taken in Missouri.  During the hearing, the parties noted that the documents that plaintiffs have requested in connection with the depositions have already been produced to plaintiff's counsel.  Furthermore, defendants have informed the court that Dr. Hynes is currently providing care for his wife in Missouri as she recovers from a recent surgery and will need to be present in Missouri to continue this care.  Finally, and perhaps most importantly, the record in this action indicates that the parties' counsel previously had an agreement to take the depositions at issue in Missouri, but that plaintiffs' counsel recently backed out of this agreement for reasons not directly related to the present action.

////

For these reasons, the facts and equities present in this matter weigh in favor of a finding that defendants' depositions be taken in Missouri. Accordingly, the court grants defendants' motion for a protective order directing that their depositions be taken in Missouri. As noted at the hearing, the court leaves it up to the parties to decide whether the depositions will be conducted in-person in Missouri or via remote means through either video or telephonic conference. However, if the parties agree to take the depositions remotely, the court reporter recording the depositions shall be present at the deponent's location in Missouri.[1] Furthermore, the parties shall also determine amongst themselves the date, time, and location in Missouri that these depositions are to take place.[2]

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion for a protective order (ECF No. 63) is GRANTED.

2. The depositions of Dr. Michael K. Hynes and Hynes Aviation Industries' person most knowledgeable shall be taken in Missouri at a date, time, and location agreed upon by the parties. If the parties agree to take these depositions remotely via either video or telephonic conference, the court reporter recording the depositions shall be present at the deponent's location in Missouri.

IT IS SO ORDERED.

Dated: September 10, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] During the hearing on this matter, the parties indicated that defendants plan to have an attorney located in Missouri who is not licensed to practice law in California defend the depositions. Defendants raised the issue of whether this attorney will need to file a pro hac vice motion in order to participate in the depositions in Missouri. While the court encourages the parties to agree to permit the Missouri counsel to defend the depositions taken in Missouri, the court also informs the parties that it is amenable to granting a properly-filed pro hac vice motion for the limited purpose of allowing the out-of-state counsel to defend the depositions in Missouri.

[2] If the parties are unable to reach an agreement regarding these details between themselves, the court is available to address such an issue via an informal teleconference and without the need to file a formal discovery motion. If desired, the parties need only contact the undersigned's courtroom deputy who will arrange the conference.