UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO E.D.M., INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HYNES AVIATION INDUSTRIES, INC., et al.,<br><br>Defendants. | No. 2:13-cv-00288-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

On October 4, 2012, Plaintiffs Sacramento E.D.M., Inc. ("Sacramento EDM") and Dan Folk ("Folk") (collectively, "Plaintiffs") brought the instant action alleging various tort claims against Defendants Hynes Aviation Industries, Inc. ("HAI"), Hynes Children TF Limited ("HCTF"), and Michael K. Hynes ("Hynes") (collectively, "Defendants") in the Superior Court of California, County of Sacramento.  ECF No. 2.  On February 14, 2013, Defendants removed the case to federal court pursuant to this Court's diversity jurisdiction.  Id.  On July 21, 2014, Defendants filed a Motion for Leave to File Counterclaim and to Amend the Court's Pretrial Scheduling Order ("PTSO").  Mot., ECF No. 52.  Plaintiffs timely opposed Defendants' Motion.  ECF No. 60.  For the following reasons, Defendants' Motion is DENIED.[1]

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local R. 230(g).  See ECF No. 68.

1

# BACKGROUND[2]

Sacramento EDM is a California corporation engaged in the business of electrical discharge machining and waterjet technology. Folk is Sacramento EDM's president. Defendant Hynes is a professional consultant, among other things, in the fields of aviation safety and business and finance. On October 4, 2012, Plaintiffs filed the instant lawsuit in the Superior Court of California, County of Sacramento, against Hynes, HAI and HCTF, asserting the following causes of action: (1) Breach of Fiduciary Duty; (2) Fraud; (3) Constructive Fraud; (4) Intentional Interference with Prospective Business Advantage; (5) Negligent Interference with Prospective Business Advantage; (6) Tortious Interference with Contract; (7) Unjust Enrichment; (8) Unfair Business Practices in Violation of California Business and Professions Code § 17200; and (9) Declaratory Relief. ECF No. 2-1. On February 14, 2013, Defendants removed the action to this Court pursuant to its diversity jurisdiction. ECF No. 2. Subsequently, Defendants filed a motion to dismiss for improper venue or, in the alternative, to transfer the case to the U.S. District Court for the Western District of Missouri (ECF No. 6), which the Court denied on April 8, 2013. ECF No. 17. Plaintiffs' operative First Amended Complaint ("FAC") alleges eight causes of action arising out of the decade-long business relationship and concomitant transactions between Plaintiffs and Defendants. ECF No. 29.

Separately, on December 10, 2012, HAI brought an action in the U.S. District Court for the Western District of Missouri, Case No. 6:12-cv-03521-REL (the "Missouri action" or "Missouri case").[3] In the Missouri action, HAI sought to collect payments from

---

[2] Because the parties are familiar with the background of this case, this section recites only a general overview of the facts. Unless otherwise noted, the following facts are derived, at times verbatim, from Defendants' Motion (ECF Nos. 52-53). Additional facts may be found in the Court's April 9, 2013, Order. ECF No. 17.

[3] In the instant matter, the Plaintiffs are Sacramento E.D.M., Inc. and Dan Folk and the Defendants are Michael Hynes, Hynes Aviation Industries, Inc., and Hynes Children TF Limited. In the Missouri case, the Plaintiff is Hynes Aviation Industries, Inc., and the Defendants are Sacramento E.D.M., Inc., and Daniel Folk. As a result of the transfer of the Missouri action, that case has two docket numbers:

Sacramento EDM and Folk for contractual obligations on two leases. The First Amended Complaint in the Missouri case alleges payments owed by Sacramento EDM and Folk (the Plaintiffs in this action), totaling $428,082 on unpaid lease obligations, $542,063 on unpaid loans, and $58,087 owed for premium payments on Key Man life insurance policies. Mot., ECF No. 53 at 2.[4]

On April 29, 2013, Sacramento EDM and Folk moved to transfer the Missouri case to this District pursuant to 28 U.S.C. § 1404(a). On August 1, 2013, Judge Brian C. Wimes granted Sacramento EDM and Folk's Motion on the basis of the first-filed rule. See Order, ECF No. 30, 6:12-cv-03521-REL. The docket for the Missouri case indicates that the case was transferred to this District on August 14, 2013. ECF No. 31, 2:13-cv-01674-JAM-CKD. That same day, the Court issued Civil New Case Documents (ECF No. 32) and a Clerk's Notice directing counsel for all parties to submit Pro Hac Vice Applications (ECF No. 33). No further activity took place in the Missouri case until the issuance of a Minute Order four months later on December 19, 2014, ordering that the parties file a joint status report on or before January 10, 2014. ECF No. 34. After no party filed a status report, on January 14, 2014, the Court issued a Minute Order directing counsel to file "a statement in writing as to why this matter should/should not be dismissed for lack of prosecution" within fourteen days. ECF No. 35. On February 6, 2014, the Court dismissed the Missouri case for failure to respond to Court orders and for lack of prosecution. ECF No. 36. No party has moved to reopen the Missouri case.

Now, through the instant motion, Defendants seek to file counterclaims and to amend the pretrial scheduling order in this case to allow the action to proceed to trial on

---

6:12-cv-03521-REL (Western District of Missouri) and 2:13-cv-01674-JAM-CKD (Eastern District of California).

[4] Despite its connection to the instant matter, neither party has filed a Notice of Related case in either case as required by Local Rule 123. That rule states, in part, that "[c]ounsel who has reason to believe that an action on file or about to be filed may be related to another action on file (whether or not dismissed or otherwise terminated) shall promptly file in each action and serve on all parties in each action a Notice of Related Cases." E.D. Cal. Local R. 123(b) (emphasis added). Counsel for Plaintiffs and Defendants are cautioned to scrupulously review and follow the Local Rules, as well as the Federal Rules of Civil Procedure, going forward.

3

all issues disputed among the parties. Mot., ECF No. 53. The counterclaims at issue are derived from Defendants' claims in the Missouri case. Id.

**STANDARD**

**A.     Amendment under Rule 16(b)**

Generally, the Court is required to enter a pretrial scheduling order within 120 days of the filing of the complaint. Fed. R. Civ. P. 16(b). The scheduling order "controls the subsequent course of the action" unless modified by the Court. Fed. R. Civ. P. 16(e). Orders entered before the final pretrial conference may be modified upon a showing of "good cause," Fed. R. Civ. P. 16(b), but orders "following a final pretrial conference shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e); see also Johnson v. Mammoth Recreations, 975 F.2d 604, 608 (9th Cir. 1992)

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson, 975 F.2d at 609. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 amendment); Johnson, 975 F.2d at 609. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Johnson, 975 F.2d at 609. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. Id. (citing Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985)). If the moving party was not diligent, the Court's inquiry should end. Id.

**B.     Amendment under Rule 15**

The court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). Generally, the five factors of bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the moving party has previously amended the

4

pleadings are considered when assessing the propriety of a motion to amend. Ahlmeyer v. Nevada Sys. of Higher Educ., 555 F.3d 1051, 1055 (9th Cir. 2009).

## ANALYSIS

In the instant matter, the Court issued its PTSO on January 3, 2014. ECF No. 34 at 1 ("explaining that "[n]o joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown"). Therefore, Defendants must set forth good cause to amend their pleadings and for amendment of the PTSO. See id. In support of their motion, Defendants state that "[t]he circumstances of the dismissal [of the Missouri case] were unknown to counsel representing defendants herein until shortly before filing the first motion relating to this issue [on June 23, 2014]. The reasons for the dismissal and subsequent actions taken by counsel herein, combined with the nature of the counterclaims which originated with the Missouri case, warrant a finding of good cause by this Court." Mot., ECF No. 53 at 2. Specifically, Defendants argue that although Defendants' counsel in the Missouri case, Harold F. Glass, knew of the transfer of the case on August 14, 2013, Defendants' counsel in California, Paul Tozer, "did not understand that the Missouri case had already been transferred to the Eastern District of California." Id. at 3. Thereafter, "Glass assumed that Mr. Tozer would be taking the necessary actions to represent HAI in the case transferred from Missouri, and he did not notice the content of subsequent emails from the court in the Eastern District of California, which led to dismissal of the case." Id. In sum, Defendants aver that it was a "miscommunication" between Glass and Tozer that led to the failure by Defendants to respond to the Court's numerous minute orders in the Missouri case and that case's dismissal. Id. at 3-4.

Although Defendants set forth numerous compelling arguments regarding considerations of judicial economy, efficiency and fairness, combined with the relationship of Plaintiffs' tort claims to the proposed contractual counterclaims, in support

5

of their Motion, these factors do not impact the Court's Rule 16 good cause inquiry, which is largely dependent on a finding that despite the moving party's diligence, the deadlines set forth in the pretrial schedule cannot reasonably be met. Thus, while it may be that the "filing of the proposed counterclaim would not prejudice plaintiffs, is not brought in bad faith, would not be futile, and would not cause undue delay," the Court must first find that Defendants acted with diligence before reaching these issues and a determination under Rule 15. ECF No. 53 at 9.

As set forth above, "[i]n order to demonstrate diligence, [a party] must show whether he collaborated with the court in setting a schedule; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent." Fernandez v. California Dep't of Corr. & Rehab., 2014 WL 1389759, *3 (E.D. Cal. Apr. 9, 2014) (citing Johnson, 975 F.2d at 608). The FAC in this action was filed on September 4, 2013, and Defendants filed an answer on September 24, 2013. See ECF Nos. 29-30. Therefore, as Plaintiffs point out, given that the Missouri case was transferred in to this District on August 14, 2013, Defendants had the opportunity to file their counterclaim with their answer to the FAC. In addition, several months earlier, at the time of the parties' Joint Status Report on July 17, 2013, Defendants knew that "there [was] a case currently pending in the District Court for the Western District of Missouri" that "involve[d] similar claims and issues as the case at hand, and it include[d] three of the same parties and no third party participants." ECF No. 27 at 5. Thus, not only were Defendants aware of the Missouri case at the time they answered the operative FAC on September 23, 2013, several months earlier in July 2013, Defendants and their California counsel were aware of the Motion to Dismiss for Improper Venue or, in the Alternative, Transfer Venue to the Eastern District of California the case then pending before the Missouri court. Id.

///

///

As set forth in Defendants' briefing, their local counsel did not realize that the case had been transferred in, and then dismissed, for almost a year.[5]  Thus, but for their neglect, Defendants had the opportunity and information necessary to include their counterclaims in their operative Answer in a timely manner and prior to the issuance of the PTSO in January 2014.

Although Defendants aver that the dismissal of the Missouri case was the result of a "misunderstanding," the Court finds that the period between the time that the Missouri case was transferred in on August 14, 2013, to the filing of the initial motion to add a counterclaim on June 23, 2014 (ECF No. 35), precludes a finding of diligence by Defendants.  Cf. Provident Energy Assoc. of Mo. v. Bullington, 77 F. App'x, 427, 429 (9th Cir.2003) (explaining that an attorney's misreading of complaint not good cause to justify extension of scheduling order to allow amendment to answer); Parker v. Columbia Pictures Indus., 204 F.3d, 326, 341 (2d Cir. 2000) (affirming the district court's denial of plaintiff's motion to amend for lack of "good cause" because the plaintiff possessed all the information he needed to support a breach of contract claim before he filed suit, "and nothing he learned in discovery or otherwise altered that fact").  The simple fact is that Defendants filed pleadings and moved forward with this case, but failed to pay attention to their own related action.[6]  "That is precisely the kind of case management that Rule 16 is designed to eliminate.  It is one of the reasons that the district courts have been forced to assume the burdens of case management themselves."  Johnson, 975 F.2d at 610.  Thus, because Defendants possessed the relevant knowledge regarding the proposed

---

[5] The Court notes that Defendants' counsel in the Missouri Case was aware of the transfer at the time the Missouri court granted the motion to transfer the case to this District.

[6] Defendants point out that Plaintiffs' counsel failed to file a motion to consolidate the two cases in accordance with their stated intent in the July 17, 2013, Joint Status Report (ECF No. 27) and also failed to file a Notice of Related Case as required by Local Rule 123.  Thus, as Defendants note, "unless [Plaintiffs' counsel] also was unaware of the completed transfer of the Missouri case to California, then [P]laintiffs have some involvement in the circumstances leading to this motion."  ECF No. 53 at 9.  Defendants are correct in that Plaintiffs' counsel may also, to a certain extent, be responsible for the dismissal of the Missouri case; however, these facts are outweighed by the fact that it was Defendants' action, not Plaintiffs', that was dismissed and that it is Defendants, not Plaintiffs, who must establish good cause in support of this Motion.

counterclaims before amended pleadings were due and did not move to file their counterclaim until six months after the issuance of the PTSO and approximately ten months after the Missouri case was transferred in, Defendants have failed to show that they acted with diligence and cannot establish the requisite "good cause" to allow for amendment of their Answer at this stage.  Under the circumstances, a misunderstanding between Defendants' Missouri and California counsel is not a sufficient explanation so as to merit amendment.  Because the Court finds that Defendants did not act with diligence in amending their Answer for the purposes of Rule 16, the Court need not reach the issue of whether Defendants' counterclaims would be permitted by the more liberal Rule 15 standard.[7]

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Leave to File Counterclaim and to Amend the Pretrial Scheduling Order (ECF No. 52) is DENIED.  To the extent permitted by the Federal Rules of Civil Procedure, Defendants may move for reconsideration of the Court's Order dismissing the Missouri case.

IT IS SO ORDERED.

Dated:  October 1, 2014

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[7] Although it expresses no opinion on the merits of such a motion, the Court notes that Defendants may move to reopen the Missouri case pursuant to Rule 60(b).  Although Defendants' delay in moving to add their counterclaim in this matter is not sufficient to establish diligence for the purposes of Rule 16, it may be that Defendants' counsel's misunderstanding warrants relief under Rule 60(b).  For instance, "[s]everal courts have held that 'good cause' requires more than 'excusable neglect.'" Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha, 218 F.R.D. 667, 674 (C.D. Cal. 2003); see, e.g., In re Kirkland, 86 F.3d 172, 175 (10th Cir.1996) (stating that "[t]he Pioneer court did not in any way link its discussion of 'excusable neglect' with 'good cause,'" and concluding that "'good cause' requires a greater showing than 'excusable neglect'"); Corkrey v. Internal Revenue Serv., 192 F.R.D. 66, 67 (N.D. N.Y.2000) (stating, in the context of a Rule 16(b) request for modification of a scheduling order, that "[a] difference exists in the standards for 'excusable neglect' and for 'good cause'").