1   Thomas W. Barth, SBN 154075
    BARTH DALY LLP
2   431 I Street, Suite 201
    Sacramento, California 95814
3   Telephone: (916) 440-8600
    Facsimile:  (916) 440-9610
4
    Attorneys for HYNES AVIATION
5   INDUSTRIES, INC., HYNES CHILDREN TF
    LIMITED and MICHAEL HYNES
6

7

8                   UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11  SACRAMENTO E.D.M., INC., a California        Case No. 2:13-CV-00288-KJN
    corporation; DAN FOLK, an individual,
12
                    Plaintiffs,                  **STIPULATION AND [PROPOSED]**
13                                               **ORDER ALLOWING DEFENDANTS**
           v.                                    **TO FILE COUNTERCLAIM**
14
    HYNES AVIATION INDUSTRIES, INC.
15  dba HYNES AVIATION SERVICES, an
    Oklahoma corporation; HYNES
16  CHILDREN TF LIMITED, a business
    entity, form unknown; MICHAEL K.
17  HYNES, an individual; and DOES 1
    through 50, inclusive,
18
                    Defendants.
19

20  AND CONSOLIDATED AND
    CROSS-ACTIONS.
21

22  TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD HEREIN:

23          Sacramento E.D.M., Inc. and Dan Folk, by and through their counsel of record,

24  Sean Gavin of the Foos Gavin Law Firm, and Hynes Aviation Industries, Inc., Hynes Children TF

25  Limited, and Michael K. Hynes, by and through their counsel, Thomas Barth of Barth Daly LLP,

26  **HEREBY STUPULATE AND AGREE THAT:**

27          1.      On April 10, 2015, counsel for the parties filed a Joint Status Report in the

28  above-entitled consolidated actions.  In paragraph (d) of the parties' Joint Status Report, counsel

{00016258}

BARTH DALY LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

1    informed the Court that defendants/counter-claimants anticipated amending their "Counterclaim"

2    to purport with the Motion to Consolidate the two underlying cases.

3        2.    The current operative pleading in the action previously referred to as the

4    "Missouri action" is the First Amended Complaint, which was amended by right before

5    defendants filed an answer thereto.  Hynes Aviation Industries, Inc. is the plaintiff in the

6    underlying case consolidated from the original Missouri action.

7        3.    Prior to consolidation of the underlying cases, there was no Counterclaim

8    on file in the case previously referred to as the "California action," into which the Missouri action

9    was consolidated.  The amendment of the First Amended Complaint in the former Missouri action

10   would be in the nature of a Counterclaim in the California action, after the two cases have been

11   consolidated.  See *Schnabel v. Lui*, 302 F.3d 1023 (9th Cir. 2002).

12       4.    The parties to these proceedings have agreed, and by this stipulation they

13   request an order of the Court, that defendants Hynes Aviation Industries, Inc. and Michael K.

14   Hynes shall file a Counterclaim in these consolidated cases, naming Sacramento E.D.M., Inc. and

15   Daniel Folk as counter-defendants, in place and stead of the existing First Amended Complaint,

16   consolidated from the Missouri action.  A copy of the [Proposed] Counterclaim of

17   Hynes Aviation Industries, Inc. and Michael K. Hynes is attached hereto.

18                    **IT IS SO STIPULATED.**

19   Dated:  May 27, 2015.          FOOS GAVIN LAW FIRM, P.C.

20

21                          By____/s/ Sean Gavin_____
                               .    SEAN GAVIN
22                               Attorneys for SACRAMENTO E.D.M., INC., and
                                 DAN FOLK

23

24   Dated:  May 27, 2015.          BARTH DALY LLP

25

                            By____/s/ Thomas W. Barth_____
26                               THOMAS W. BARTH

27                               Attorneys for HYNES AVIATION INDUSTRIES, INC.,
                                 HYNES CHILDREN TF LIMITED and MICHAEL
28                               HYNES

BARTH DALY LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

1

**ORDER**

2          Good cause appearing based on the foregoing stipulation, the Court hereby orders

3   that defendants Hynes Aviation Industries, Inc. and Michael K. Hynes shall file a Counterclaim in

4   these consolidated cases within three-days of the filing of this Order by the Court, naming

5   Sacramento E.D.M., Inc. and Daniel Folk as counter-defendants, in place and stead of the existing

6   First Amended Complaint, consolidated from the Missouri action.  A copy of the Counterclaim of

7   Hynes Aviation Industries, Inc. and Michael K. Hynes is attached hereto.

8

Dated:  May 28, 2015

9

10                                                          _____

11                                                          KENDALL J. NEWMAN
                                                            UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARTH DALY LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

1  Thomas W. Barth, SBN 154075
   BARTH DALY LLP
2  431 I Street, Suite 201
   Sacramento, California 95814
3  Telephone: (916) 440-8600
   Facsimile:  (916) 440-9610
4
   Attorneys for HYNES AVIATION
5  INDUSTRIES, INC., HYNES CHILDREN TF
   LIMITED and MICHAEL HYNES
6

7              UNITED STATES DISTRICT COURT

8            EASTERN DISTRICT OF CALIFORNIA

9

10  SACRAMENTO E.D.M., INC., a California    Case No. 2:13-CV-00288-KJN
    corporation; DAN FOLK, an individual,
11
              Plaintiffs,                    **[PROPOSED] COUNTERCLAIM OF**
12                                           **HYNES AVIATION INDUSTRIES, INC.**
         v.                                  **AND MICHAEL K. HYNES**
13
    HYNES AVIATION INDUSTRIES, INC.
14  dba HYNES AVIATION SERVICES, an
    Oklahoma corporation; HYNES
15  CHILDREN TF LIMITED, a business
    entity, form unknown; MICHAEL K.
16  HYNES, an individual; and DOES 1
    through 50, inclusive,
17
              Defendants.
18

19  HYNES AVIATION INDUSTRIES, INC.,
    an Oklahoma corporation; MICHAEL K.
20  HYNES, an individual,
21
              Counter-Claimants,
22
         v.
23
    SACRAMENTO E.D.M., INC., a California
24  corporation; DAN FOLK, an individual,
25
              Counter-Defendants.
26          Defendants and counter-claimants Hynes Aviation Industries, Inc. and Michael K.

27  Hynes file a counterclaim against plaintiffs and counter-defendants Sacramento E.D.M., Inc. and

28  Dan Folk as follows:

    {00016258}

BARTH DALY LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

**JURISDICTION; AMOUNT IN CONTROVERSY**

1.       Counter-claimant Hynes Aviation Industries, Inc. ("HAI"), is an Oklahoma corporation having its principal place of business at Branson, Missouri, and is a citizen of both Oklahoma and Missouri.

2.       Counter-claimant Michael K. Hynes ("Hynes") resides in Branson, Missouri, and is a citizen of Missouri.

3.       Counter-defendant Sacramento E.D.M., Inc. ("SacEDM"), is a California corporation having its principal place of business at Rancho Cordova, California, and is a citizen of California.

4.       Counter-defendant Daniel Folk ("Folk") resides in Folsom, California, and is a citizen of California.

5.       To the extent the counterclaims asserted herein are permissive, jurisdiction is proper on the basis of diversity of citizenship between counter-claimants and both counter-defendants.

6.       The amount in controversy exceeds $75,000 exclusive of interest and costs.

7.       To the extent the counterclaims asserted herein are compulsory, jurisdiction is proper because the counterclaims fall within the supplemental jurisdiction of the Court under Section 1367 of Title 28 of the United States Code.

**BACKGROUND ALLEGATIONS**

8.       For over 25 years counter-defendant SacEDM has been in the business of operating a specialized machine shop fabricating metal, plastic and rubber products and selling the products to customers in Missouri and other states.  SacEDM contacts and solicits customers in Missouri by telephone and by an interactive website allowing Missouri customers to obtain quotes and transmit blueprints for orders.

9.       Counter-defendant Folk is the sole stockholder of SacEDM and has been its President and Chief Operating Officer since the company began business.

///

///

1          10.     Counsel for Folk retained Hynes in early 2001 to serve as an aviation

2  expert regarding aircraft purchase litigation filed by Folk.  Hynes served in that capacity between

3  2001 and 2006.

4          11.     In February 2003, Folk showed Hynes the machine shop business

5  operations of SacEDM and asked for help from Hynes regarding the business operations.  During

6  2003, Hynes consulted with Folk regarding the cash flow problems and other financial difficulties

7  facing Folk personally and threatening the business operations of SacEDM.

8          12.     In December 2003, Hynes loaned Folk $10,000 for personal expenses.

9  Folk requested that Hynes continue providing consulting services for the financial and business

10  operations of SacEDM.

11          13.     As requested by Folk, commencing January 1, 2004, Hynes and HAI began

12  performing management consulting services and provided a line of operating credit for SacEDM

13  through Oklahoma EDM and Waterjet, Inc., a division of HAI with its principal place of business

14  in Missouri, which conducted business with SacEDM at all times by interstate transactions

15  between Missouri and California.

16          14.     Also commencing January 1, 2004, counter-claimants made operating

17  loans to counter-defendants, as hereinafter alleged.

18                    **CLAIM I - LOANS**

19        For Claim I herein against both counter-defendants, counter-claimants state:

20          15.     Counter-claimants reallege and incorporate herein by reference the

21  allegations contained in the preceding paragraphs above.

22          16.     From 2004 through 2008, counter-claimants loaned money to counter-

23  defendants SacEDM and Folk for operating capital. Counter-defendants agreed at the time such

24  loans were made to repay the loans, with interest accumulating on unpaid amounts at the rate of

25  ten percent (10%) per annum, and the repayment of such loans was secured by the operating

26  revenue of SacEDM.  The financial reports generated by SacEDM on a periodic basis also

27  contained an accounting of the outstanding balance of the operating loans owed by counter-

28  defendants to counter-claimants.

BARTH DALY LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

1    17.    SacEDM made monthly payments on the loans through February 17, 2012,

2    but after that date refused to make any payments.  The refusal by counter-defendants to make any

3    further monthly payments on the loans was a breach of the agreement and obligation of counter-

4    defendants to repay the entire amount of principal and interest to counter-claimants, with respect

5    to the outstanding loan balances.

6    18.    The principal balance due on the loans as of June 30, 2014, was $580,000,

7    plus accrued interest as of that date totaling $230,794.68, for a total debt owed by counter-

8    defendants to counterclaimants at that time of $810,794.68.  Interest continues to accrue at the

9    rate of ten percent (10%) per annum, amounting to approximately $158.90 per day.

10    WHEREFORE, for Claim I, counter-claimants ask for judgment against counter-

11    defendants in the amount of $810,794.68 plus interest thereon from June 30, 2014, at the rate of

12    ten percent (10%) per annum on the principal balance of the loans, and for such other relief as

13    may be appropriate.

14    ## CLAIM II - LEASES

15    For Claim II herein against counter-defendants, counter-claimant HAI states:

16    19.    Counter-claimant realleges and incorporates herein by reference the

17    allegations contained in the preceding paragraphs above.

18    20.    Beginning in August of 2004 and continuing into 2008 counter-claimant

19    HAI and its affiliate, Hynes Children T.F. Ltd., purchased office and manufacturing equipment

20    and leased the equipment to SacEDM and Folk under three written master leases.

21    21.    The three master leases are identified and attached hereto as Exhibits 1, 2,

22    and 3 and are incorporated herein by reference.  They were augmented, from time to time, as

23    SacEDM and Folk received and accepted equipment.

24    22.    Counter-claimant HAI is the assignee of the Exhibit 1 Master Lease and is

25    the present holder of and lessor under all of the leases.

26    23.    Counter-claimant HAI and its assignors performed all of their obligations

27    under the leases.

28    ///

BARTH DALY LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

1      24.     Until December of 2011, counter-defendants SacEDM and Folk made

2 payments on the leases by sending checks to counter-claimant at Branson, Missouri, for

3 deposit into a Bank of America account in Branson.

4      25.     After December 1, 2011, counter-defendants SacEDM and Folk failed and

5 refused to make the rent payments on the leases and they repudiated the leases.

6      26.     After SacEDM and Folk's default and repudiation of the leases, counter-

7 claimant HAI and the counter-defendants engaged in discussions about the possibility of

8 mediation, but were unable to agree on the protocols for a mediation.

9      27.     Counter-claimant HAI has incurred attorneys' fees in attempting to collect

10 from counter-defendants and will incur additional attorneys' fees as this action continues.

11      28.     The amounts due counter-claimant HAI under the three Leases for rent and

12 the residual value of the equipment are as follows:

13
| | |
|---|---|
| Rent | $89,313.00 |
| Residual value | <u>$338,769.00</u> |
| **Total on leases** | **$428,082.00** |

15      29.     In addition counter-claimant HAI is entitled to: (a) interest on the aforesaid

16 total amount from November 30, 2011, at the rate of nine percent (9%) per annum; and

17 (b) a reasonable amount as and for attorneys' fees.

18      WHEREFORE, for Claim II, counter-claimant HAI asks for judgment against

19 SacEDM and Folk, jointly and severally, in the amount of $428,082 plus interest from

20 November 30, 2011, at nine percent (9%) per annum plus reasonable attorneys' fees and such

21 other relief as may be appropriate.

22 <u>**CLAIM III - LIFE INSURANCE**</u>

23      For Claim III herein against counter-defendants, counter-claimant HAI states:

24      30.     Counter-claimant realleges and incorporates herein by reference the

25 allegations contained in the preceding paragraphs above.

26      31.     In 2007 counter-claimant and counter-defendants SacEDM and Folk

27 agreed that "Key Man" life insurance on the lives of Folk and Hynes was needed to protect

28 ///

BARTH DALY LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

BARTH DALY LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

1    counter-claimants in connection with the loans referred to in Claim I above and to generally

2    secure the continuity of the SacEDM business to the benefit of all parties.

3            32.    Pursuant to the agreement, Key Man life insurance policies--each with a

4    face amount of $500,000--were purchased at a premium cost of $1,900 per month.

5            33.    The parties agreed that the $1,900 per month would be paid by SacEDM

6    and such payments were, in fact, made by SacEDM until February 17, 2012.

7            34.    After February 17, 2012, SacEDM refused to make the monthly premium

8    payments and counter-claimant made the payments for SacEDM until May 31, 2012.

9            35.    As a direct result of SacEDM's breach of the agreement for SacEDM to

10    make the monthly premium payments, counter-claimant has been damaged in the sum of unpaid

11    insurance premiums, totaling $79,966, plus accrued interest at the rate of ten percent (10%) per

12    annum, totaling $38,390.95, with such interest accruing at the rate of approximately $19.72 per

13    day.

14            WHEREFORE, for Claim III, counter-claimant HAI asks for judgment against

15    counter-defendants SacEDM and Folk for $116,556.95 plus interest thereon from February 17,

16    2012, at the rate of ten percent (10%) and for such other relief as may be appropriate.

17                              **PRAYER FOR RELIEF**

18            WHEREFORE, counter-claimants pray for judgment against counter-defendants

19    for the following:

20            1.    For compensatory and consequential damages against counter-defendants,

21    as alleged in Claims I, II and III, in an amount according to proof;

22            2.    For interest on the respective obligations alleged herein, at the annual

23    percentage rates, as alleged;

24            3.    For reasonable attorney's fees according to proof;

25            4.    For costs of suit incurred in this action; and

26    ///

27    ///

28    ///

1          5.      For such other and further relief as this Court may deem just and proper.

2     Dated:  May 27, 2015.                    Respectfully submitted,

3                                              BARTH DALY LLP

4

5                                              By_____

6                                                   THOMAS W. BARTH

7                                              Attorneys for Counter-Claimants HYNES AVIATION
                                               INDUSTRIES, INC. and MICHAEL K. HYNES

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARTH DALY LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA