UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO E.D.M., INC., et al., | No. 2:13-cv-0288-KJN |
| Plaintiffs, | |
| v. | ORDER |
| HYNES AVIATION INDUSTRIES, et al., | |
| Defendants. | |

On January 29, 2019, the Ninth Circuit Court of Appeals issued a memorandum disposition affirming in part, and reversing and remanding in part, this court's final judgment entered on April 18, 2017. (ECF No. 156.) The mandate subsequently issued on February 20, 2019.

The Ninth Circuit in large part affirmed this court's findings of fact and conclusions of law, except for two discrete issues on which the court now requests supplemental briefing, as outlined below.

(1) As to the equipment leases, the Ninth Circuit noted:

> We affirm in part and reverse in part the district court's findings and conclusions regarding the equipment leases. We affirm the district court's findings that provisions of the leases—namely the interest rate and the lease periods—worked to the detriment of SacEDM and the benefit of defendants, giving rise to a breach of Hynes's fiduciary

1

duty and constructive fraud. We affirm the district court's finding that Hynes misrepresented the interest rate and duration of the equipment leases. Moreover, the district court did not err in finding the equipment leases were unconscionable. ***However, HAI was a lessor; it was not a lessee, and therefore the lease's no assignment clause was not at issue. For this reason, we affirm in part and reverse in part the district court's findings with regard to the equipment leases. We remand with instructions that the district court find that HAI was a lessor, and determine damages accordingly.***

(ECF No. 156 at 5) (emphasis added).

(2) As to the US Banc Judgment, the Ninth Circuit found:

The district court did not err in concluding that Hynes breached his fiduciary duty with regard to the US Banc Judgment; however, the court erred in calculating damages. First, the district court thoroughly considered the evidence regarding how Folk and SacEDM came to be responsible for paying the US Banc Judgment. We find no clear error with the district court's factual findings: specifically, Hynes purchased the US Banc Judgment for $50,000 and then induced Folk and SacEDM to repay the full amount of the judgment rather than the purchase price. Lentini, 370 F.3d at 843. However, the court should have awarded $223,000 rather than $251,000 based on the evidence presented regarding Joint Exhibit 84. Therefore, we reverse and remand with instructions for the court to award $223,000 with regard to the US Bank Judgment. Id.

(ECF No. 156 at 6.)

In light of the foregoing, the court requests supplemental briefing from the parties regarding how the judgment should be amended to correct the errors identified by the Ninth Circuit. Such supplemental briefing shall outline and explain the specific calculations used to compute the modified damages, with specific citations to the record evidence. It goes without saying that the parties are not invited to re-argue any of the findings of fact and conclusions of law that the Ninth Circuit affirmed. Such affirmed findings of fact and conclusions of law shall be accepted as true and correct, and the supplemental briefing shall strictly focus on how the judgment should be amended in light of the two discrete areas of error identified by the Ninth Circuit.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen (14) days of this order, the parties shall meet and confer with respect to the import of the Ninth Circuit's memorandum disposition.

2. Within 30 days of this order, plaintiffs and defendants shall each file supplemental briefing (limited to no more than 20 pages) consistent with the above instructions. Alternatively, if the parties agree as to how the judgment should be modified based on the Ninth Circuit's opinion, they may submit a proposed stipulated amended judgment for the court's consideration within 30 days of this order.
3. Within seven (7) days of the filing of the supplemental briefing, plaintiffs and defendants may each file a response to the opposing party's supplemental briefing, limited to no more than 10 pages.
4. Upon review of the supplemental briefing, the court may set a hearing on the matter, if deemed necessary, or may submit the matter for resolution on the record and written briefing pursuant to Local Rule 230(g).

Dated: February 21, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE